# Wytheville.

BIGGS FOR, &c., v. ELLISTON DEVELOPMENT CO. AND OTHERS.

July 16, 1896.

Absent, Harrison, J.

1. CORPORATIONS—*Contract with Stockholder—Estoppel.*—A corporation may contract with one of its stockholders as with a stranger. There is nothing in the mere relation of stockholder to a corporation which will estop the stockholder from asserting any claim against the corporation which he might, under similar circumstances, assert against an individual.

2. VENDOR'S LIEN—*Effect of Dividing Land into Town Lots with Streets and Alleys.*—If real estate be conveyed to a purchaser by a deed in which the vendor reserves a lien for the balance of purchase money, the purchaser cannot bind the vendor by any contract prejudicial to his interest. Although a purchaser subdivides land into blocks and lots, with convenient streets, lanes, and alleys, and sells off a part of the lots, the whole is still bound to the vendor for the balance of the purchase money, unless some act or declaration on the part of the vendor, tending to deceive or mislead, or some contract, or act of acquiescence, recognition, or affirmance on his part of the dedication, to the prejudice of his rights, can be shown in evidence. Purchasers of a part of the land have the right to insist that the land shall be offered in the inverse order of alienation, but if, when so offered, it fails to bring sufficient to discharge the vendor's lien, the court should direct it to be sold as a whole, if thereby a better price can be obtained.

Appeal from a decree of the Circuit Court of Montgomery county, pronounced December 6, 1894, in a suit in chancery wherein appellant was the complainant, and the appellees and others were the defendants.

*Reversed.*

The bill in this cause was filed by "Walter J. Biggs, who sues for the benefit of Annie S. Biggs, assignee" against the Elliston Development Company and a large number of persons, alienees of said company of parcels of a tract of about four hundred and fifty acres of land, which had been conveyed to the company by Biggs and wife, by deed in which a lien was reserved for the balance of the purchase money. The bill charged that these alienees had purchased "with full notice of said vendor's lien."

*Thos. L. Moore, McHugh & Baker* and *J. Hampton Hoge,* for the appellant.

*B. Lacy Hoge* and *M. H. Tompkins,* for the appellees.

KEITH, P., delivered the opinion of the court.

W. J. Biggs sold 450 acres of land to the Elliston Development Company, reserving a vendor's lien to secure the deferred payments thereon. The Development Company subdivided this land into lots, streets, and alleys, and sold a number of the lots to purchasers, some of whom paid in full, and some only in part. The defendant company having failed to meet the deferred payments as they fell due, Biggs, who sues for his wife, Annie S. Biggs, to whom the debt had been assigned, filed a bill in the Circuit Court of Montgomery county to enforce the vendor's lien. At the December term, 1894, a decree was entered in favor of the plaintiff for the sum of $9,-550.08, with interest on $8,575.05, a part thereof, from the 10th day of May, 1894, and costs. Thereupon W. H. Edmundson, Hulda Edmundson, Jennie B. Wilson, and Sydney Sheltman filed their answers, in which they allege that they had purchased lots of the defendant company and had paid the full purchase price therefor, and that, at the time of said purchase and sale, W. J. Biggs was a stockholder in said company

and was thereby estopped from enforcing his vendor's lien against them. Whereupon the Circuit Court dismissed the bill as to the several defendants above named, except the Elliston Development Company and directed the lots purchased by them to be discharged of the vendor's lien resting on them, and that they should be conveyed to the parties as aforesaid, together with the streets, lanes, and alleys set out in the plat exhibited in the record.

. The first error assigned is that the court erred in holding that the fact that W. J. Biggs was a stockholder in the Elliston Development Company estopped him, or his assignee, from asserting the vendor's lien against the lots purchased by the defendants from the Elliston Development Company; secondly, that the court erred in holding that the streets, lanes, and alleys, set out in the plat and subdivision made by the Elliston Development Company, subsequent to their purchase from W. J. Biggs, should be excluded from said decree of sale.

We think that both these assignments of error are well taken. An incorporated company is, in a legal point of view, wholly distinct from the persons composing it, and may make any contract with one of its members or stockholders that it might make with a stranger. See Cook on Stocks and Stockholders, sections 6 and 11; 3 Pom. on Eq. Jur., section 1090. These propositions, however, are elementary and really call for no citation of authority in their support.

It is equally clear that the mortgagor cannot bind his mortgagee by any contract prejudicial to his title, and the same principle applies as between a vendee and his vendor who has reserved a lien for the purchase money. That this, as a general proposition, is true, is, we believe, not controverted, and we are of opinion that the mere fact that the mortgagee stands in the relation of stockholder to a corporation which is the mortgagor does not of itself constitute any exception to the rule, unless some act or declaration

tending to deceive or mislead on the part of mortgagee can be shown, or some contract, or some act of acquiescence, recognition, or affirmance on his part of the dedication to the prejudice of his rights be shown in evidence. In this case there is nothing whatever beyond the mere relation of stockholder relied upon by the appellees. We think, therefore, that the Circuit Court erred in excepting the lots of the appellees and the streets, lanes, and alleys, from sale to satisfy the vendor's lien in favor of appellant. The utmost that the appellees can claim is that the unsold land should first be offered for sale. If that proves insufficient to satisfy the claim of the appellant, then the lots which have been sold should be exposed to sale in the inverse order of their alienation—the offer of lots to cease, of course, when a sufficient sum shall be raised to satisfy the decree. The reservation should also be made of the right to sell the tract as a whole if the sale in parcels should be found inadequate to satisfy the decree, and a better price could be obtained by disposing of the subject as an entirety.

We are of opinion that the decree of the Circuit Court is, for the reasons stated, erroneous, and this court will enter such decree as the Circuit Court should have entered.

*Reversed.*